**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RECEIVED

OCT 2 0 2010

AT 8:30_____
WILLIAM T. WALSH ---M
CLERK

|  |  |
|---|---|
| MARILYN CORTEZ, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 09-4824 (GEB) |
| MICHAEL J. ASTRUE, COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) **MEMORANDUM OPINION** |

**BROWN, Chief Judge**

This matter comes before the Court on a petition by counsel for Plaintiff for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (Doc. No. 14.)   The Commissioner of Social Security ("Commissioner") filed an opposition to the petition and conceded that plaintiff was entitled to some attorney's fees but opposed the amount because counsel did not file a letter containing her contentions as required by Local Civil Rule 9.1(a)(2).  (Doc. No. 18.)  The Commissioner contends that if counsel had done so, the case would have been resolved without costly briefing.

For the reasons set forth below, the Court grants the petition for attorney's fees, but finds that the 33.85 hours reported were excessive and that only 23.05 hours were appropriate for the services rendered.

## I.    BACKGROUND

In the underlying case, Plaintiff, Marilyn Cortez, applied for Social Security and

Supplemental Security Income disability benefits. (*See* Pl.'s Br. at 5-6; Doc. No. 9).   The

agency denied the benefits and Plaintiff appealed to the Commissioner's Administrative Law

Judge (ALJ).   When the ALJ denied her benefits, Plaintiff appealed to the Commissioner's

Appeals Counsel, which affirmed. (Doc. No. 7-2.)  Plaintiff appealed from the Appeals Counsel

by filing a Complaint with this Court. (Doc. No. 1.)

After filing the complaint, counsel failed to provide a statement setting forth Plaintiff's

primary contentions within fourteen (14) days as is required by Local Civil Rule 9.1(a)(2). (*See*

Doc. No. 9.)  Instead, Plaintiff's counsel skipped this step and filed a full brief. (*See id.*)  The

brief argued that the ALJ's decision was not supported by substantial evidence.

After the brief had been filed, the Commissioner agreed to stipulate a dismissal and

remand the case to the ALJ. (*See* May 5, 2010 Order; Doc. No. 13.)   Thereafter, Plaintiff's

counsel filed a petition for fees for 33.85 hours at a rate of $181.50 per hour. (Doc. No. 14.)  The

Commissioner opposes this petition because he believes the hours reported are excessive. (Doc.

No. 18.)

## II.    DISCUSSION

The Commissioner concedes that Plaintiff's counsel is entitled to attorney's fees and does

not contest that counsel is entitled to $181.50 an hour. (*See* Def.'s Br; Doc. No 18.)  However,

the Commissioner presents three objections to the petition.  First, the Commissioner argues that

the hours should be reduced because the case would have been resolved without having to file a

brief if plaintiff had complied with Local Civil Rule 9.1(a)(2) and provided a statement setting

2

forth its primary contentions. (*Id.* at 2-3). Second, the Commissioner argues that six (6) hours to prepare the EAJA motion and memorandum of law are excessive. (*Id.* at 4.) Third, the Commissioner argues that EAJA fees are paid to a plaintiff and not directly to counsel. (Def.'s Br. at 4-5; Doc. No 18.) This Court agrees with all of these arguments and reduces the award accordingly.

Local Rules require plaintiffs seeking review of social security matters to file a statement setting forth their primary contentions within fourteen (14) days of filing in order "to encourage early and amicable resolution of Social Security matters[.]" L.Civ.R. 9.1(a)(2). Because many cases could be resolved by stipulation and without the need for briefing, where plaintiff's counsel fails to file the statement, many "courts in this district have adopted the practice of reducing the hours charged for writing the brief to 7.2 hours, an estimate of the time that would have been required to write" the statement. *Conde ex rel. Lopez v. Comm'r of Soc. Sec.*, 2009 U.S. Dist. LEXIS 26938, at **3-4 (D.N.J. Mar. 31, 2009) (SRC); *see also Williams v. Astrue*, 2008 U.S. Dist LEXIS 97517, at **4-8 (D.N.J. Dec. 1, 2008) (GEB).

Plaintiff's counsel did not submit the L.Civ.R. 9.1(a)(2) statement. Given the Commissioner's fairly prompt willingness to consent to remand, there is little doubt that this case could have been resolved without briefing if Plaintiff had complied with the rule. Consequently, counsel's full briefing was a waste of resources and contrary to the purpose of L.Civ.R. 9.1(a)(2). *See Conde ex rel. Lopez*, 2009 U.S. Dist. LEXIS 26938, at **3-4; *see also Williams*, 2008 U.S. Dist LEXIS 97517, at **4-8. Consistent with the practice of many courts in this district, this Court reduces the time spent briefing to 7.2 hours, an estimate of the time it would have taken to file the L.Civ.R. 9.1(a)(2) statement. *See Conde ex rel. Lopez*, 2009 U.S. Dist. LEXIS 26938, at

3

**3-4.

Further, counsel's six (6) hours of work to submit her fee petition were excessive. Most of counsel's argument involved undermining the ALJ's decision, a contention she had already prevailed upon. (Pl.'s Br. at 3-4; Doc. No. 14-1.) The remainder of the brief argued that Plaintiff was the prevailing party (*id.* at 2), which was hardly at issue, and contained an argument for a rate of $181.50 under the EAJA (*id.* at 4), which was most likely boiler plate given counsel's experience in Social Security actions. As such, the Court reduces the time spent on the EAJA petition to three (3) hours from the six (6) requested.

Consequently, Plaintiff is entitled to only 23.05 hours, or $4,183.58. This sum will be paid directly to Plaintiff, not Plaintiff's counsel. *See Astrue v. Ratliff,* -- U.S. --, --, 130 S. Ct. 2521, 2525 (2010) (EAJA provides for fees to be paid to the plaintiff, not directly to plaintiff's counsel).

### III.   CONCLUSION

For the reasons stated herein, Plaintiff is entitled to counsel fees of $4,183.58.


Dated: _OCTOBER 19_, 2010


GARRETT E. BROWN, JR., U.S.D.J.

4